PER CURIAM.
On this Petition for Writ of Common Law Certiorari, Dr. Carlos Iglesias (“Petitioner”), the plaintiff below, seeks certiora-ri review of an Interlocutory Order requiring Petitioner to answer It’s a Living Inc., et al.’s (“Respondents”) defense interrogatory. For the following reasons, we grant the Petition and remand this cause to the trial court with instructions.
In this personal injury action, Respondents, the defendants below, wish to challenge the extent of Petitioner’s alleged vision impairment by presenting the jury with the number of hours Petitioner has spent using the Internet post-injury. In this regard, Respondents argue that, if they can show that Petitioner has spent enormous amounts of time on the Internet since his eye injury, Respondents can significantly limit the amount of damages that Petitioner, a medical doctor, will recover should he prevail at trial. In order to achieve this limited purpose, Respondents requested of Petitioner, by way of defense interrogatory, information regarding Petitioner’s former America Online accounts, including all of his former screen names and credit card billing numbers. The trial court entered an Order requiring Petitioner to answer the defense interrogatory, subject to the limitation that “such information shall be used solely for purposes of this litigation and shall not be disclosed to any non-party.” This Petition for Writ of Common Law Certiorari ensued.
We find, under the particular facts and circumstances of this case, that the trial court departed from the essential requirements of the law in entering such an overly broad Order. While America Online may need Petitioner’s account information to determine the amount of time that Petitioner spent on the Internet, Respondents do not, themselves, need direct access to said information for such a limited inquiry at this time. Accordingly, we quash the trial court’s Order and remand this cause to the trial court so that it may fashion a narrowly tailored Order consistent with this opinion.
In particular, said Order should require Petitioner to provide the requested account information — screen names and credit card numbers — directly to America Online for the sole purpose of determining the amount of time that Petitioner has spent on the Internet.[1] Once America Online provides Petitioner with a report on this information, Petitioner shall, in the presence of Respondents, hand the report over to the trial court for an in camera inspection. The trial court may then release only that information to Respondents that evidences the amount of time that Petitioner spent logged onto the Internet.[2] In no event shall Petitioner’s specific account information be disclosed directly to Respondents as there is no apparent need for said information to be in their hands at this time.
Petition granted; writ issued; order quashed; and remanded with instructions.

. Whether this time is measured in hours, minutes, seconds, and for how many months is up to the discretion of the trial court and the agreement of the parties.

. In so holding, this Court expresses no opinion as to the relevance or admissibility of this evidence.